IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR T. POWELL, II | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| vs. | : | NO. 07-726 |
| | : | |
| GREATER MEDIA INC. LONG TERM DISABILITY PLAN and GREATER MEDIA INC. | : | |
|     Defendants. | : | |

**ORDER & MEMORANDUM**

**ORDER**

**AND NOW**, this 10th day of December, 2008, upon consideration of Plaintiff's Motion for Reconsideration and Memorandum of Law in Support thereof (Document No. 14, filed September 2, 2008); and Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration (Document No. 15, filed September 8, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that plaintiff's Motion for Reconsideration is **DENIED**.

**MEMORANDUM**

**I.    INTRODUCTION**

Presently before the Court is plaintiff's Motion for Reconsideration. Because plaintiff has failed to establish any grounds for reconsideration, plaintiff's Motion for Reconsideration is denied.

1

**II.     BACKGROUND**

The relevant facts and procedural history of this case are stated in detail in the Court's Order and Memorandum of August 13, 2008. Powell v. Greater Media Inc. Long Term Disability Plan and Greater Media, Inc., No. 07-726, 2008 WL 3874719 (E.D. Pa. Aug. 13, 2008)). Accordingly, this Memorandum sets forth only the factual and procedural background necessary to resolve the motion presently before the Court.

Plaintiff filed a Complaint on February 22, 2007 against Greater Media Inc. Long Term Disability Plan and Greater Media Inc. based on the alleged "refusal" of defendants to "honor a specifically negotiated provision in a severance agreement and release, in which Defendants agreed to treat [plaintiff] as a current employee under its [sic] Long Term Disability Plan notwithstanding the termination of his employment." (Compl. at 1.) Specifically, paragraph three of the Severance Agreement and Release provided, in relevant part, that "the Company [defendant Greater Media Inc.] agrees to act in accordance with standard Company practice for current employees if Employee files a claim under Company's long term disability policy." Powell, 2008 WL 3874719, at *3. Plaintiff signed the Severance Agreement and Release on September 29, 2005. On July 20, 2006, he filed a claim for long-term disability benefits. Id. at *4. After GE Group Life Assurance Company, the issuer of Greater Media's Disability Insurance Policy, denied plaintiff's long-term disability claim, plaintiff filed this suit. Id.

Plaintiff's claims are set forth in a three count Complaint. In Count I, plaintiff asserts a claim for benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), against defendant Greater Media Inc. Long Term Disability Plan. Plaintiff alleges in that count that the Severance Agreement and Release amended the language of the

2

Greater Media Inc. Long Term Disability Plan ("the Plan") and entitled plaintiff to the benefits due under the Plan to eligible employees. (Compl. ¶¶ 32–33.)

In Count II, plaintiff makes an equitable estoppel claim under ERISA, 29 U.S.C. § 1132(a)(3), against Greater Media Inc. Long Term Disability Plan and Greater Media Inc. In that count, plaintiff asks the Court to enjoin the Plan from denying plaintiff benefits on the ground that he was not actively employed at the time he filed for long-term disability benefits. (Compl. at 7.) In Count III, plaintiff asserts a claim for breach of fiduciary duty under ERISA, 29 U.S.C. § 1132(a)(3)(B), against Greater Media Inc. Long Term Disability Plan and Greater Media Inc. Similar to the relief sought in Count II, plaintiff's breach of fiduciary duty claim asks the Court to enjoin the Plan from denying plaintiff long-term disability benefits on the ground that he was not actively employed at the time he filed a claim for such benefits. (Compl. at 8.)

On November 11, 2007, plaintiff filed a Motion for Summary Judgment. (Pl.'s Mot. Summ. J., Doc. No. 9, filed Nov. 11, 2007.) On November 28, 2008, defendants Greater Media Inc. Long Term Disability Plan and Greater Media Inc. filed a Cross Motion for Summary Judgment. (Defs.' Cross Mot. Summ J., Doc No. 11, filed Nov. 28, 2007.) In its Order and Memorandum of August 13, 2008, the Court denied plaintiff's Motion for Summary Judgment, granted defendants' Cross Motion for Summary Judgment, and entered judgment in favor of defendants and against plaintiff. The bases for the Court's rulings are discussed in Part IV *infra*.

## III.   LEGAL STANDARD

The purpose of a motion for reconsideration of an order is to correct manifest errors of law or fact, or to present newly discovered evidence. Max's Seafood Café v. Max Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A prior decision may be altered or amended only if the party

seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995); see also Rottmund v. Continental Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Moreover, a "motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); see also United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) ("Parties are not free to relitigate issues which the court has already decided."). "The motion for reconsideration should not be used as a vehicle for endless debate between the parties and the court." Karr v. Castle, 768 F. Supp. 1087, 1093 (D. Del. 1991).

**IV.　DISCUSSION**

Plaintiff seeks reconsideration of the Court's Order and Memorandum of August 13, 2008 on the following grounds: (1) the Court erred in holding that plaintiff could not simultaneously bring a breach of fiduciary duty claim under ERISA, 29 U.S.C. § 1132(a)(3), and an entitlement claim under ERISA, 29 U.S.C. § 1132(a)(1)(B), in the same suit; (2) the Court should not have dismissed plaintiff's equitable estoppel claim under ERISA; and (3) the Court inappropriately drew inferences in favor of defendants.

Plaintiff's arguments for reconsideration implicate the third prong of the legal standard by which motions for reconsideration are granted: the need to correct a clear error of law or fact or

to prevent manifest injustice. Plaintiff's claims are not analyzed under the first two prongs of this legal standard because plaintiff does not argue that there has been an intervening change in controlling law or that new evidence that was not available when the court issued its order has become available.

Upon consideration of plaintiff's arguments, the Court concludes that plaintiff has failed to establish a ground for reconsideration and thus denies his motion. The Court addresses each of plaintiff's arguments below.

### A.     Count III: Dismissal of Breach of Fiduciary Duty Claim

In its Order and Memorandum of August 13, 2008, the Court granted defendants' Cross Motion for Summary Judgment, ruling against plaintiff as to both his § 1132(a)(1)(B) entitlement claim (Count I) and his § 1132(a)(3) breach of fiduciary duty claim (Count III). Plaintiff's entitlement claim failed because the Court held that the Severance Agreement and Release did not constitute an amendment to the Plan, thus precluding plaintiff from establishing a claim for benefits under ERISA based on the language of the Severance Agreement. Powell, 2008 WL 3874719, at *8. The Court further ruled that even if the Severance Agreement were considered an amendment to the Plan, the language of the Severance Agreement was not ambiguous and did not support plaintiff's claim for benefits. Id.

As to plaintiff's breach of fiduciary duty claim, the Court stated in its Order and Memorandum of August 13, 2008 that it "has previously held that a plaintiff who asserts a claim for benefits under 29 U.S.C. §1132(a)(1)(B) [for entitlement to benefits] cannot pursue the same claim based on breach of fiduciary duty under the 'safety-net' provisions of 29 U.S.C. § 1132(a)(3)." Powell v. Greater Media Inc. Long Term Disability Plan, No. 07-726, 2008 WL

3874719, at *9 (E.D. Pa. Aug. 13, 2008) (citing Johnston v. Exelon Corp., No. 04-4040, 2005 WL 696896, at *5 (E.D. Pa. Mar. 23, 2005) (citing Varity v. Howe, 516 U.S. 489, 512 (1996))). The Court concluded that "[b]ecause plaintiff seeks effectively the same relief in Counts I and III, namely an order requiring the Plan to treat plaintiff as an Active Full-Time Employee and to reconsider plaintiff's claim for benefits under the Plan, . . . plaintiff cannot pursue relief under both 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3)(B)." Powell, 2008 WL 3874719, at *9 (citation omitted). The Court thus granted defendants' Cross Motion for Summary Judgment as to Count III of the Complaint.

In the instant motion, plaintiff argues that the Court erred in dismissing his § 1132(a)(3) breach of fiduciary duty claim because applicable law permits claimants under ERISA to bring claims simultaneously under both § 1132(a)(1)(B) and § 1132(a)(3). "While the Court is absolutely correct that a claimant cannot dress an ordinary claim for benefits under [§] 1132(a)(1)(B) into a fiduciary duty claim based on the same factual circumstances underlying the benefit claim, the Court mistakenly applied the principle to the specific allegations in this case." (Pl.'s Mot. Recons. 3, Doc. No. 14, filed Sept. 2, 2008.)

In support of his position, plaintiff argues that the Supreme Court's decision in Varity v. Howe, 516 U.S. 489 (1996), does not prevent a plaintiff from pleading that he is either entitled to benefits or "was misled into believing that he would be entitled to benefits." (Pl.'s Mot. Recons. 3.) However, Varity does not stand for this proposition. In Varity, the Supreme Court held that § 1132(a)(3) authorizes lawsuits for individualized equitable relief for breach of fiduciary duty, but cautioned that § 1132(a)(3) "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." Varity, 516

U.S. at 512. "Where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief . . . ." Id. at 515.

The plaintiffs in Varity proceeded under § 1132(a)(3) for breach of fiduciary duty because relief under § 1132(a)(1)(B) was unavailable as they were no longer members of the applicable benefits plan in that case. Unlike in Varity, in this case plaintiff asserts a claim under § 1132(a)(1)(B) for entitlement to benefits. Thus, he cannot pursue the same claim based on breach of fiduciary duty, which is a "safety net" provision. Johnston v. Exelon Corp., No. 04-4040, 2005 WL 696896, at *5 (E.D. Pa. Mar. 23, 2005).

Moreover, plaintiff relies on Devlin v. Empire Blue Cross and Blue Shield, 274 F.3d 76 (2d Cir. 2001), a non-binding Second Circuit decision, to support its contention that Varity does not preclude a plaintiff from seeking relief under both § 1132(a)(1)(B) and § 1132(a)(3). Devlin, 89–90 ("Varity did not eliminate a private cause of action for breach of fiduciary duty when another potential remedy is available; instead, the district court's remedy is limited to such equitable relief as is considered appropriate."). However, as defendants correctly point out, Devlin represents the minority view on whether § 1132(a)(1)(B) and § 1132(a)(3) claims can be brought simultaneously. (Defs.' Mem. Opp'n Pl.'s Mot. Recons. 2–3, Doc. No. 15, filed Sept. 8, 2008.) In its Order and Memorandum of August 13, 2008, this Court chose to follow the Fourth Circuit in Korotynska v. Metropolitan Life Insurance Company, 474 F.3d 101 (4th Cir. 2006), and the "great majority of circuit courts that have interpreted Varity to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3)." Korotynska, 474 F.3d at 106; see also Johnston v. Exelon Corp., No. 04-4040, 2005 WL 696896, at *5 (E.D. Pa. Mar. 23, 2005) (this Court's earlier decision holding that a

plaintiff who asserts a claim for benefits under § 1132(a)(1)(B) cannot pursue the same claim based on § 1132(a)(3) for breach of fiduciary duty).

Finally, plaintiff argues that in Burstein et al. v. Retirement Account Plan for Employees of Allegheny Education and Research Foundation, 334 F.3d 365 (3d Cir. 2003), the Third Circuit "has specifically allowed plaintiffs to proceed on both section 1132(a)(1)(B) claims and 1132(a)(3) claims simultaneously." (Pl.'s Mot. Recons. 3.) However, the Burstein court did not address this substantive issue—namely, whether a plaintiff can bring a claim under ERISA's "safety net" § 1132(a)(3) provision when plaintiff has a remedy available under § 1132(a)(1)(B). Rather, the Third Circuit reviewed the district court's decision on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Burstein, 334 F.3d at 368. Addressing the sufficiency of the pleadings, the Burstein court concluded that plaintiffs had pled sufficient facts to state a claim for relief under § 1132(a)(1)(B) for entitlement to benefits and granted plaintiffs leave to amend their complaint to allege all elements of a § 1132(a)(3) claim for breach of fiduciary duty.[1] While plaintiffs rely on Burstein for the proposition that the Third Circuit preserves a breach of fiduciary duty claim where another potential remedy is available, Burstein does not so hold. Accordingly, the Court rejects plaintiff's argument on this issue.

### B. Count II: Dismissal of Equitable Estoppel Claim

In its Order and Memorandum of August 13, 2008, the Court dismissed plaintiff's

---

[1] Specifically, the Court ruled that plaintiffs had successfully stated a claim for benefits under § 1132(a)(1)(B) after holding that a claimant can recover for benefits due under a *summary* plan description, even where the language of the summary conflicted with the language of the plan. Burstein, 365 F.3d at 378, 382. As to the breach of fiduciary duty claim, the court stated that since plaintiffs failed to plead the fourth element of such a claim—"detrimental reliance" on the fiduciary's material misrepresentation—the court provided plaintiffs with leave to amend the complaint for a third and final time in order to so plead. Burstein, 334 F.3d at 378, 389.

equitable estoppel claim under ERISA. The Court reasoned that the equitable estoppel claim seeks relief identical to that sought in plaintiff's breach of fiduciary duty claim. Powell v. Greater Media Inc. Long Term Disability Plan, No. 07-726, 2008 WL 3874719, at *10 (E.D. Pa. Aug. 13, 2008). The Court held that "this claim likewise cannot be pursued with the claim for benefits" under Varity and this Court's 2005 decision in Johnston v. Exelon Corp., 2005 WL 696896, at *10." Id.

In the instant motion, plaintiff states: "[f]or the same reasons the Court should have proceeded on plaintiff's breach of fiduciary duty claim, a determination on the merits of his equitable estoppel claim was appropriate." (Pl.'s Mot. Recons. 4.) No authority is cited for this proposition. The Court rejects this argument for the reasons discussed in Part IV.A., *supra*, with respect to plaintiff's breach of fiduciary duty claim.

In its Order and Memorandum of August 13, 2008, the Court stated that even if it were to consider plaintiff's equitable estoppel argument on the merits, plaintiff's claim would be dismissed for failure to produce evidence of "extraordinary circumstances" that are a required element in equitable estoppel claims. Powell, 2008 WL 3874719, at *10. "Extraordinary circumstances," the Court noted, are generally established by the employer's acts of bad faith, active concealment of significant changes in the plan, or fraud. Id. In this case, defendants' communications with plaintiff fell "far short of establishing a genuine issue of material fact as to plaintiff's allegations of fraud and bad faith." Id.

In the instant motion, plaintiff argues that the Court took "too narrow a view" of the "extraordinary circumstances" requirement. Plaintiff points to the Third Circuit's decision in Pell v. E.I. DuPont de Nemours & Company Inc., 539 F.3d 292 (3d Cir. 2008), and argues that the

9

Pell court made clear that "extraordinary circumstances" can arise "in a variety of factual scenarios . . . where there are 'affirmative acts of fraud,' where there is a 'network of misrepresentations . . .,' or where particular plaintiffs are especially vulnerable." Pell, 539 F.3d at 303–04. Plaintiff states that he falls under the category of "especially vulnerable" claimants because he had just been terminated from long-term employment, faced "an immediate lack of foreseeable income" if he rejected the severance package, and suffered from "an illness of uncertain origin, duration or seriousness." (Pl.'s Mot. Recons. 5.)

However, the Pell court found "extraordinary circumstances" based on the employer's "repeated misrepresentations over an extended course of dealing" and the employee's diligence in inquiring into the employer's representations and seeking clarifications. Pell, 539 F.3d at 303–04. Pell does not discuss what factors make a claimant "especially vulnerable." Cases that discuss the vulnerability of plaintiffs involve situations of repeated misrepresentations to individuals currently hospitalized for serious injury or who have died. See Smith v. Hartford Ins. Group, 6 F.3d 131, 142 (3d Cir. 1993) (hospital patient denied coverage for a substantial claim after employer represented that coverage would exist); Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 238 (3d Cir. 1994) (widower denied supplemental dismemberment coverage upon husband's death in car accident despite repeated affirmations of eligibility for coverage by decedent's employer and insurer).

In its August 13, 2008 Order and Memorandum, this Court found no "extraordinary circumstances" in this case. Plaintiff has not demonstrate the need to correct a clear error of law or fact or to prevent manifest injustice. For these reasons, plaintiff fails to establish a ground for reconsideration on this issue.

### C. Inferences in Favor of Defendants

In its Motion for Reconsideration, plaintiff states that "it appears that the Court drew certain inferences in favor of defendants from the evidence presented, which should have resulted in the Court holding an evidentiary hearing on those issues . . . ." (Id. at 6.) Plaintiff claims this is especially true in light of the Court's September 7, 2007 Scheduling Order, which stated that the Court shall "notify the parties of any [] issues of material fact and give the parties an opportunity to supplement the record with documents or testimony with respect to each such issue." (Id. at 2.)

Beyond the above statement, plaintiff neither states what inferences were drawn in defendants' favor nor what issues of material fact the Court addressed without providing the parties an opportunity to supplement the record. As defendants put it, "[p]laintiff's argument is just an assertion that he disagrees with the Court's decision." (Defs.' Mem. Opp'n Pl.'s Mot. Recons. 5.) Because motions for reconsideration are not properly grounded on a request that the Court rethink decisions it has already made, plaintiff fails to establish a ground for reconsideration on this issue.

## V. CONCLUSION

Plaintiff has failed to establish a ground for reconsideration. Accordingly, the Court denies plaintiff's Motion for Reconsideration.

BY THE COURT:

/s/ Honorable Jan E. DuBois

**JAN E. DUBOIS, J.**

11